IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DENT-A-MED, INC., d/b/a HC PROCESSING CENTER,<br><br>Plaintiff,<br><br>v.<br><br>LIFETIME SMILES, P.C., formerly known as WHITE OAK DENTAL, P.C., an Illinois corporation; DW MANAGEMENT COMPANY, formerly known as LIFETIME SMILES, INC., an Illinois corporation; FRED S. WEINER, DAISY WEINER, JOY A. TEXTER, and SUSAN YANOWSKY,<br><br>Defendants. | FILED<br>NOV 1 2006<br>JUDGE HARRY D. LEINENWEBER<br>U.S. DISTRICT COURT JUDGE<br><br>Case No 04 C 4780<br><br>Hon. Harry D. Leinenweber |

## MEMORANDUM OPINION AND ORDER

Plaintiff Dent-A-Med, Inc., d/b/a HC Processing Center (hereinafter, "Dent-A-Med") brings this suit alleging common law fraud, violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, breach of contract, and conversion against Lifetime Smiles, P.C., DW Management Company (hereinafter, "DW Management"), Fred S. Weiner, Daisy Weiner (hereinafter, "Ms. Weiner"), Joy A. Texter (hereinafter, "Ms. Texter"), and Susan Yanowsky (hereinafter, "Ms. Yanowsky"). Before this Court is Ms. Weiner, Ms. Yanowsky, and DW Management's Motion for Summary Judgment on the common law fraud and Illinois Consumer Fraud

counts. For the reasons stated herein, this motion is granted in part and denied in part.

## I. BACKGROUND

Dent-A-Med provides financing to patients undergoing dental procedures. In December 2002, Dent-A-Med and Fred S. Weiner's dental practice, White Oak Dental, purporting to do business as Lifetime Smiles (hereinafter, "the dental practice"), entered into an agreement by which Dent-A-Med would provide financing to the dental practice's patients. According to the Provider Agreement, the dental practice would accept Dent-A-Med's credit card as payment for dental services and would submit a charge slip to Dent-A-Med for each credit card sale.

Dent-A-Med alleges that between December 2002 and December 2003, the dental practice submitted charge slips for dental work that had not yet been performed, was performed in a substandard manner, and/or was never performed. Dent-A-Med alleges that it relied on these charge slips and paid funds to the dental practice as a result. The parties dispute these allegations as well as whether Dent-A-Med had a policy that charges were to be submitted only for services already provided and whether Dent-A-Med was aware at all times that charge slips were being submitted for uncompleted work.

Copies of the disputed slips were provided by Dent-A-Med with its complaint; most bear the signature of Ms. Texter, the dental

practice's office manager. Those slips that do not bear Ms. Texter's signature apparently do not require a signature by an employee of the dental practice and have not been signed. Charge slips were most often submitted by Ms. Texter. However, the parties agree that during at least one week while Ms. Texter was on vacation, Ms. Yanowsky signed and submitted charge slips. Neither party specifies when this vacation occurred and this Court's perusal of the record provides no enlightenment. Ms. Texter herself admits that she submitted most of the charge slips at issue, but denies submitting three unsigned slips. Ms. Texter speculates that Ms. Yanowsky "could have" submitted them, but Ms. Yanowsky denies submitting them. Ms. Weiner (the dental practice's bookkeeper) did not prepare, submit, or sign any charge slips; however, she had some telephone conversations with Dent-A-Med employees regarding previously submitted charge slips.

## II. **LEGAL STANDARD**

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A fact is material if it could affect the suit's outcome under governing law, and a dispute is genuine where the evidence is such that a reasonable jury could return a verdict for the non-moving party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must view all the evidence and any reasonable inferences therefrom in the light most favorable to the non-moving party. *See Miller v. Am. Family Mut. Ins. Co.*, 203 F.3d 997, 1003 (7th Cir. 2000).

### III. **DISCUSSION**

#### A. **Dent-A-Med's Challenge to the Affidavits**

Dent-A-Med challenges Defendants' reliance on the affidavits provided by Ms. Weiner and Ms. Yanowsky as a basis for some of Defendants' factual statements. A court will discount or disregard an affidavit that is in conflict with a party's deposition testimony. *See Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 806-07 (1999); *Velez v. City of Chicago*, 442 F.3d 1043, 1049 (7th Cir. 2006); *Barner v. City of Harvey*, 1998 WL 664951 at *2 (N.D. Ill. Sept. 18, 1998). Although this rule is applied more often in the movant's favor, courts have invoked it in cases where a movant has offered a contradictory affidavit as a basis for factual statements included in a 56.1(a) statement. *See Barner*, 1998 WL 664951 at *2; *Morgan v. Ponderosa, Inc.*, 1998 WL 325213 (N.D. Ill. June 9, 1998). Where the two statements, however, are inconsistent because the deposition statement was mistaken, "perhaps because the question was phrased in a confusing manner or because a lapse of memory is . . . a plausible explanation for the discrepancy," a court will not disregard the affidavit. *Velez*, 442 F.3d at 1049.

Thus, this Court will disregard any statements in the affidavits that contradict Ms. Weiner's and Ms. Yanowsky's depositions.

Dent-A-Med points to a series of "contradictory" statements in Ms. Weiner's affidavit. First, Dent-A-Med argues that Ms. Weiner's statements ("I do all of the accounting") in transcripts of telephone conversations admitted in her affidavit conflict with her deposition (I "assisted my husband . . . with his bookkeeping") and should be ignored. These two statements mean essentially the same thing. Second, Dent-A-Med argues that Ms. Weiner's affidavit is "internally inconsistent" because she claims both that she never made any representations to Dent-A-Med and that she had telephone conversations with Dent-A-Med (during which Dent-A-Med claims Ms. Weiner made representations). Dent-A-Med's argument is beside the point; it does not claim a discrepancy between Ms. Weiner's affidavit and her deposition. Dent-A-Med also argues that Ms. Weiner's statement that she never submitted any charge slips to Dent-A-Med conflicts with Dent-A-Med's complaint alleging that Ms. Weiner was an alter ego of Lifetime Smiles, Inc., and the fact that answers to interrogatories admit that charge slips were submitted by Fred Weiner. The fact that Ms. Weiner's affidavit conflicts with the alter ego allegations in Dent-A-Med's complaint is not a proper ground for striking an affidavit. Lastly, Dent-A-Med argues that the transcripts admitted in the affidavit include conversations with Dent-A-Med employees, the content of which Daisy

Weiner claimed not to recall in her deposition. Courts consistently do not find affidavits contradictory where a lapse of memory during the deposition causes the supposed "contradiction." See, e.g., Velez, 442 F.3d at 1049.

Next, Dent-A-Med argues that Ms. Yanowsky's affidavit should be disregarded because it contradicts her deposition. In her deposition, Ms. Yanowsky stated that she performed Ms. Texter's job while Ms. Texter was on vacation, including the submission of charge slips to Dent-A-Med. In her affidavit, Ms. Yanowsky stated that she did not submit *the charge slips attached to Dent-A-Med's complaint* and did not assist in their preparation. These statements are not contradictory; Ms. Yanowsky may very well have prepared charge slips and submitted them to Dent-A-Med during Ms. Texter's vacation and still not have submitted any of the charge slips attached to Dent-A-Med's complaint. Because the affidavit does not contradict the deposition, this court will not disregard it.

### B. Shauna Barnes' Deposition

Dent-A-Med also challenges Defendants' characterization of the deposition of Shauna Barnes (hereinafter, "Ms. Barnes") as a Rule 30(b)(6) deposition of a corporation. Rule 30(b)(6) permits the deposition of an organization to be taken if a party notices a deposition of the organization and "describe[s] with reasonable particularity the matters on which examination is requested." The organization must then "designate one or more officers, directors,

or managing agents, or other persons who consent to testify on its behalf." FED. R. CIV. P. 30(b)(6). Defendants did not properly notice a 30(b)(6) deposition. Defendants' notice names Ms. Barnes as the person or entity to be deposed, fails to specify the matters on which examination is sought, and gives no indication that Ms. Barnes is expected to testify on behalf of Dent-A-Med. *Operative Plasterers' & Cement Masons' Intl. Assoc. of the United States & Canada ALF-CIO v. Benjamin*, 144 F.R.D. 87, 90 (N.D. Ind. 1992). Furthermore, Defendants' notice does not allow Dent-A-Med to designate a knowledgeable person to testify on its behalf. *See id.* Defendants argue that Ms. Barnes deposition was identified as a 30(b) deposition, and that Dent-A-Med did not object. The deposition was identified as a Rule 30(b) deposition, but *not* a Rule 30(b)(6) deposition (there are several types of Rule 30(b) depositions). Dent-A-Med is correct that the deposition of Ms. Barnes was not a Rule 30(b)(6) deposition.

### C. Count I: Common Law Fraud

In order to establish fraudulent misrepresentation under Illinois law, Dent-A-Med must show (1) a false statement of material fact; (2) knowledge or belief of the falsity by the party making it; (3) an intention to induce the other party to act; (4) action by the other party in reliance on the statement's truth; and (5) damage to the other party resulting from such reliance. *Neurosurgery & Spine Surgery v. Goldman*, 790 N.E.2d 925 (2003).

Dent-A-Med alleges that Ms. Yanowsky and Ms. Weiner submitted charge slips and made other representations regarding dental work that they knew was either (1) not yet completed; (2) performed by unlicensed employees of the dental practice; or (3) was provided in a defective or substandard manner, and that it relied on these representations when making payments to the dental practice.

### 1. *Susan Yanowsky*

The undisputed facts, viewed in the light most favorable to the non-movant, show that Dent-A-Med cannot establish common law fraud against Ms. Yanowsky because Dent-A-Med cannot show that Ms. Yanowsky made any false statements of material fact. The parties do not dispute the facts pertaining to the fraud allegations against Susan Yanowsky: Ms. Yanowsky did not normally submit charge slips to Dent-A-Med; she did so only when Ms. Texter was on a one-week vacation (the dates of which are unknown); and all charge slips at issue were either signed by Ms. Texter or supplied no place for the signature of a dental practice employee. Ms. Yanowsky apparently had no other contact with Dent-A-Med and could have made no other representations upon which Dent-A-Med might have relied. Dent-A-Med's entire argument on this point is that "Ms. Yanowsky submitted charge slips." In short, the only possible basis for Ms. Yanowsky's liability is that she submitted "some" charge slips at "some" time; however, Ms. Yanowsky states in her affidavit that she did not submit the charge slips at issue.

Additionally, Ms. Yanowsky states in her deposition that when she submitted charge slips, she signed them. In another section of its brief, Dent-A-Med claims that Ms. Texter "testified that the charge slips that do not bear her signature were submitted by Susan Yanowsky"; this statement, however, grossly misrepresents the record. Dent-A-Med's provided citation is incorrect and, as Ms. Texter admits submitting most of the unsigned charge slips and merely speculates as to who might have submitted those she disavows (this portion of Ms. Texter's deposition was *never* cited by Dent-A-Med), the statement makes little intuitive sense. As such, Dent-A-Med cannot demonstrate a genuine issue of material fact as to whether Ms. Yanowsky submitted charge slips and this Court thus grants Summary Judgment as to Susan Yanowsky.

### 2. Daisy Weiner

Dent-A-Med alleges that Ms. Weiner is liable for fraud on the basis of both her individual actions and as an alter ego for the various corporations (Lifetime Smiles, Inc., Lifetime Smiles, P.C., White Oak Dental, P.C., and DW Management) that comprised the dental practice.

#### a. Personal Liability

As is the case with Ms. Yanowsky, the parties do not dispute the central facts to a claim of personal liability for fraud against Ms. Weiner. Ms. Weiner submitted no charge slips to Dent-A-Med, but rather served as the bookkeeper for the dental practice

in the evenings. She apparently had limited knowledge of the dental practice's day to day operations. Ms. Weiner had some telephone conversations with Dent-A-Med employees following up on previously submitted charge slips.

Dent-A-Med claims that Ms. Weiner is personally liable for fraud because she made false representations "in her communications to Dent-A-Med seeking payment on charge slips and delivery of an NSF [insufficient funds] check to Dent-A-Med." Dent-A-Med never claims that Ms. Weiner's representations induced it to do anything it would not already have done – submit payments to the dental practice on the basis of previously submitted charge slips. Furthermore, Dent-A-Med's complaint never mentions an NSF check or, in fact, any check submitted by Ms. Weiner. A plaintiff may not amend his complaint by argument in a brief in opposition to a summary judgment motion. *Griffen v. Potter*, 356 F.3d 824, 830 (7th Cir. 2004). Thus, Dent-A-Med's new allegations regarding this check are disregarded. Thus, this Court grants Defendants' Summary Judgment Motion as to Ms. Weiner's personal liability.

### b. Alter-Ego Liability

Additionally, Dent-A-Med alleges that Ms. Weiner is liable for the submission of charge slips by employees of the dental practice on the basis of alter ego liability. Generally, a corporation is a legal entity separate and distinct from its shareholders, directors, and officers; however, the corporate entity will be

disregarded and the veil of limited liability pierced when two requirements are met: (1) there is such unity of interest in ownership that the separate personalities of the corporation and the individual no longer exist and (2) circumstances are such that adherence of the fiction of a separate corporate existence would sanction a fraud or promote injustice. *Van Dorn Co. v. Future Chemical & Oil Corp.*, 753 F.2d 565, 569-570 (7th Cir. 1985).

Defendants contend that the alter ego allegations were not pled with sufficient particularity to satisfy Rule 9(b), and thus summary judgment ought to be granted. A party seeking to pierce the corporate veil and hold an officer, director, or shareholder liable for a corporation's fraud must plead its alter ego allegations in accordance with Rule 9(b). *New Freedom Mortgage Corp. v. C & R Mortgage Corp.*, 2004 WL 783206 at *8 (N.D. Ill. Jan. 15, 2004). However, the proper remedy for failure to plead fraud with particularity is not summary judgment. *Molex Inc. V. Wyler*, 365 F. Supp.2d 901, 912 (N.D. Ill. 2005); *Rash v. Minority Intermodal Specialists, Inc.*, 2003 WL 1463476 (N.D. Ill. Mar. 20, 2003). Therefore, without determining whether Dent-A-Med pleads sufficient facts to satisfy Rule 9(b), this Court declines to grant summary judgment on this basis. Defendants make no other arguments in favor of summary judgment on the alter ego claims.

### 3. *DW Management*

Summary judgment is also sought in favor of DW Management, Inc. because Dent-A-Med makes no allegations against it in the Second Amended Complaint. In the Second Amended Complaint, Dent-A-Med alleges that DW Management Company was formerly known as Lifetime Smiles, Inc., that Daisy Weiner used DW Management Company (along with other corporations) to facilitate the operation of the dental practice, and that DW Management Company made a loan to Daisy Weiner, its only shareholder, of $100,000. Dent-A-Med seeks no damages from DW Management. Dent-A-Med argues that summary judgment not be entered because "DW Management is only mentioned in the last sentence of Defendants . . . Motion for Summary Judgment." Because Dent-A-Med's complaint makes no allegations against DW Management and seeks no damages from it, this Court grants Defendants' Motion for Summary Judgment as to DW Management.

### D. Count II: Illinois Consumer Fraud and Deceptive Business Practices Act

The Illinois Consumer Fraud and Deceptive Business Practices Act (hereinafter, the "Act") prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or

commerce." 815 Ill. Comp. Stat. 505/2 (2002); *Pappas v. Pella Corp.*, 844 N.E.2d 995, 998 (Ill. App. 2006). To succeed in a cause of action under the Act, a plaintiff must prove: (1) a deceptive act or practice by the defendant; (2) the defendant's intent that the plaintiff rely on the deception; (3) the occurrence of the deception in the course of conduct involving trade or commerce; and (4) actual damage to the plaintiff (5) proximately caused by the deception. *Id.*

As an initial matter, the Defendants argue that Dent-A-Med has no standing to invoke the Act because it is an out-of-state corporation. A non-resident plaintiff may sue under the Act only if "the circumstances that relate to the disputed transaction occur 'primarily and substantially' within Illinois." *Avery v. State Farm Mut. Auto. Ins. Co.*, 835 N.E.2d 801, 854 (Ill. 2005). The mere fact that an alleged fraud scheme was "devised in and disseminated from" Illinois is not sufficient to support a claim under the Act. *Id.* at 854-855. In *Avery*, a case alleging the deceptive failure to disclose the inferiority of certain replacement auto parts by an insurance company, the Illinois Supreme Court determined that some possible class plaintiffs were not proper plaintiffs because the only circumstance of the alleged deceptive practice that occurred in Illinois was the creation of the insurance claims policies implemented elsewhere. *Id.* at 855. Every other fact surrounding the claim occurred outside of

Illinois: the insured vehicles were garaged outside of Illinois, the accidents occurred outside Illinois, the estimates were written outside Illinois, the alleged deception took place outside Illinois when these estimates failed to disclose the inferiority of certain repair parts, the repairs took place outside Illinois, and the damage occurred outside Illinois. *Id.* There was, furthermore, no evidence that these plaintiffs had ever been in contact with an agent who worked in Illinois. *Id.* Likewise, in *In re Sears, Roebuck & Co.*, 2006 WL 1443737 (N.D. Ill. May 17, 2006) and *Crichton v. Golden Rule Ins. Co.*, 2006 WL 2349961 (S.D. Ill. Aug. 11, 2006), the courts focused on the fact that plaintiffs had made no purchase in Illinois and had had no communications with the defendant's Illinois employees when holding that the plaintiffs did not have standing to sue. *See In re Sears* 2006 WL 1443737 at *3; *Crichton*, 2006 WL 2349961 at *3.

This case is not as lop-sided as *Avery*, *Sears*, or *Crichton*. Granted, Dent-A-Med, which is incorporated in Oklahoma and has its principal offices in Arkansas, received the allegedly fraudulent charge slips outside of Illinois and suffered damages outside Illinois. The dental practice, however, is situated in Illinois. All of the charge slips were prepared in Illinois and the work on which they were based was performed (or not performed) in Illinois. Dent-A-Med had contact with Ms. Weiner and Ms. Texter, representatives of the dental practice who worked in Illinois.

Payments by Dent-A-Med were made to the dental practice in Illinois. Illinois, therefore, has more connection to the alleged fraud than the mere hatching of a scheme or creation of a corporate policy. As such, Dent-A-Med has standing to sue.

Next, Defendants contend that the Consumer Fraud Count is deficient because Dent-A-Med cannot show that the conduct alleged implicates consumer protection concerns. Because the Consumer Fraud Act is primarily concerned with the protection of consumers, a plaintiff other than a "consumer" must prove that the alleged conduct involves trade practices addressed to the market generally or otherwise implicates consumer protection concerns. *Ivanhoe Fin., Inc. v. Highland Banc Corp.*, 2004 WL 2091997 (N.D. Ill. Sept. 15, 2004). Dent-A-Med alleges that the various Defendants' actions implicates consumer protection concerns because the frauds affected the dental practice's patients by charging them for serves not provided – which could potentially "ruin the credit of these patients." Dent-A-Med has provided letters from the consumers showing that the Defendants' various actions have adversely affected traditional consumers. As such, the Consumer Fraud Claim can be maintained.

Lastly, Defendants argue that Dent-A-Med cannot establish that any material misrepresentations were made by either Ms. Weiner or Ms. Yanowsky because Dent-A-Med cannot show that either submitted charge slips. The parties make essentially the same arguments as

in the above fraudulent misrepresentation claims. For the same reasons as stated above, this Court grants Defendants Summary Judgment on the Illinois Consumer Fraud and Deceptive Business Practices Act as to Ms. Yanowsky and Ms. Weiner's personal liability, but denies them as to Ms. Weiner's alter ego liability.

## IV. CONCLUSION

For the reasons stated herein, Defendants' Motion for Summary Judgment is **granted in part and denied in part**, as follows:

1. The Court grants Defendants' Motion for Summary Judgment on both the fraud and Illinois Consumer Fraud claims as to Susan Yanowsky and Daisy Weiner's personal liability; and

2. The Court denies Defendants' Motion for Summary Judgment as to Ms. Weiner's alter ego liability.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Dated: November 1, 2006